UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00005-GNS-CHL

RUDD EQUIPMENT COMPANY, INC.                                                                PLAINTIFF

v.

HITACHI CONSTRUCTION MACHINERY
AMERICAS INC.                                                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion for Partial Dismissal (DN 45). The motion is ripe for adjudication.

### I.    STATEMENT OF FACTS AND CLAIMS

Plaintiff Rudd Equipment Company, Inc. ("Rudd") is a distributor of equipment produced by Defendant Hitachi Construction Machinery Americas Inc. ("Hitachi"). On July 22, 1987, two distribution agreements ("Agreements") were created between Rudd and a former business entity for which Hitachi is the successor in interest. (Am. Compl. ¶¶ 6-9, DN 42). Under the Agreements, as amended, Rudd is the exclusive distributor of Hitachi's "hydraulic excavators and shovels, and implements, parts, and accessories" in seven states. (Am. Compl. ¶¶ 7-8).

Rudd alleges that Hitachi sought to renegotiate its contract and implement a mandatory sales provision requiring a six percent market share for Hitachi products. (Am. Compl. ¶¶ 11-12). Hitachi asked an arbitration panel to determine that the Agreements were non-exclusive and that there was good cause for termination, which the panel denied. (Am. Compl. ¶¶ 21-22). On September 18, 2024, Hitachi gave written notice that Rudd had allegedly breached the Agreements. (Am. Compl. ¶ 28). Hitachi asserted that the Agreements terminated by operation of law on March 17, 2025. (Am. Compl. ¶ 46). In response, Rudd filed its Amended Complaint, alleging that Hitachi violated KRS 365.832,

improperly attempted to terminate the Agreements, and breached the Agreements. (Am. Compl. ¶¶ 88-127). Hitachi now moves to dismiss Counts I, II, V, and VI of Rudd's Amended Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Def.'s Partial Mot. Dismiss 1, DN 45).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## III. STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

## IV.     DISCUSSION

Hitachi makes three arguments in its motion to dismiss: first, Counts I and II fail because there is no private right of action for KRS 365.832 and the pleadings do not establish "coercion"; second, Counts II and VI fail because they are moot; and third, Counts V and VI fail because equitable relief is inappropriate when there is an adequate remedy at law. (Def.'s Partial Mot. Dismiss 1).

### A.     **Private Right of Action**

Hitachi argues that Counts I and II should be dismissed because there is no private right of action for KRS 365.832, the statute on which both counts are based. (Def.'s Partial Mot. Dismiss 5-7). Hitachi also contends that its correspondence with Rudd cannot be considered a prohibited coercion under the statute. (Def.'s Partial Mot. Dismiss 8-9).

KRS 365.832 provides:

> No supplier shall:
> (1)     Coerce any retailer to accept delivery of inventory which the retailer has not ordered voluntarily, except as required by any applicable law, or unless parts or attachments are safety parts or attachments required by a supplier;
> (2)     Condition the sale of additional inventory to a retailer on a requirement that the retailer also purchase other goods or services, except that a supplier may require the retailer to purchase those parts reasonably necessary to maintain the quality of operation of the inventory used in the retailer's designated trade area; or
> (3)     Coerce a retailer into refusing to purchase inventory manufactured by another supplier.

KRS 365.832. While neither this statute nor KRS Chapter 365 provide for an express private right of action, Rudd claims that there is an implied right of action, and that declaratory judgment is available through Kentucky's Declaratory Judgment Act. For the reasons outlined below, no private cause of action exists, and Counts I and II are dismissed without prejudice. It is therefore unnecessary to consider whether Hitachi's actions were "coercive" under KRS 365.832.

#### 1.     *Implied Private Right of Action*

Under Kentucky law, the authority for a private right of action based on statute is found in KRS 446.070. *Jackson v. JB Hunt Transp., Inc.*, 384 S.W.3d 177, 182 (Ky. App. 2012). This statute

3

provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation, although a penalty or forfeiture is imposed for such violation." KRS 446.070. "KRS 446.070 was enacted to ensure that a person for whose benefit a statute was enacted may recover from an offender although the statute does not prescribe a civil remedy for violation." *Alderman v. Bradley*, 957 S.W.2d 264, 267 (Ky. App. 1997). However, the Kentucky Supreme Court "has construed this 'private right of action' statute narrowly, holding that it was enacted merely 'to codify common law negligence per se.'" *Harrison Mem'l Hosp., Inc. v. Wellcare Health Ins. Co. of Ky., Inc.*, 509 S.W.3d 69, 75 (Ky. App. 2016) (quoting *St. Luke Hospital v. Straub*, 354 S.W.3d 529, 534 (Ky. 2011)).

To invoke KRS 446.070, a claim of negligence per se or a citation to KRS 446.070 must be included in the complaint. *Snider v. City of Lyndon*, No. 3:23-CV-486-RGJ, 2024 WL 3165322, at *8 (W.D. Ky. June 25, 2024) ("But, even liberally construed, Snider's Amended Complaint does not bring a negligence per se claim. Instead, Count 10 purports to be brought directly under KRS 522.020-030. Snider makes no mention of negligence per se or KRS 446.070 until his response . . . . Therefore, Count 10 must be dismissed."). A plaintiff may not "amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). Counts I and II of Rudd's Amended Complaint are based solely on alleged violations of KRS 365.832—neither negligence per se nor KRS 446.070 are mentioned. (Am. Compl.). Indeed, Rudd first mentions KRS 446.070 in its response to Hitachi's partial motion to dismiss. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 12, DN 54). Therefore, Rudd cannot rely on KRS 446.070 to create a private right of action.

Furthermore, Kentucky courts are not receptive to considering—much less creating—implied rights of action in state statutes beyond what is authorized by KRS 446.070. *See Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 910 (Ky. App. 1992) (considering whether a private cause of action is available through KRS 446.070); *A.H. v. Louisville Metro Gov't*, 612 S.W.3d 902, 915 (Ky.

4

2020) (analyzing whether a private cause of action is available through KRS 446.070); *see also Snider*, 2024 WL 3165322, at *8 (determining KRS 446.070 was not pled, not considering whether a private right of action is otherwise implied). Even in the context of state constitutional violations, which are not covered by KRS 446.070, Kentucky courts have declined to create new causes of action when "adequate remedial alternatives" exist. *A.H.*, 612 S.W.3d at 914. In this instance, adequate remedial alternatives exist because Rudd may assert a breach of contract claim based upon Hitachi's alleged insistence upon contract terms which are illegal under Kentucky law. KRS 365.832; KRS 365.834. Accordingly, there is no implied private right of action for KRS 365.832.

### 2. *Declaratory Judgment Act*

In the alternative, Rudd asserts that it may obtain judgment based on Kentucky's Declaratory Judgment Act, KRS 418.045. (Pl.'s Resp. Def.'s Partial Mot. Dismiss 12). However, because the grant of declaratory relief is procedural, federal—not state—law governs, and the Court will apply the federal Declaratory Judgment Act, 28 U.S.C. § 2201, in analyzing Rudd's claim. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Jones v. Sears Roebuck & Co.*, 301 F. App'x 276, 282 n.12 (4th Cir. 2008); *Haagen-Dazs Shoppe Co. v. Born*, 897 F. Supp. 122, 126 n.2 (S.D.N.Y. 1995) (collecting cases holding federal Declaratory Judgment Act governs in diversity cases).

For a statutory claim to proceed under the federal Declaratory Judgment Act, the statute at issue must provide an independent private right of action. *City of Reno v. Netflix, Inc.*, 52 F.4th 874, 879 (9th Cir. 2022); *Gaalla v. Citizens Med. Ctr.*, No. V-10-14, 2010 WL 2671705, at *4-5 (S.D. Tex. June 30, 2010) (holding that "the weight of authority" demonstrates that "declaratory judgment under 28 U.S.C. § 2201 is not available where the substantive statute at issue does not provide a private right of action"); *see Durr v. Strickland*, 602 F.3d 788, 789 (6th Cir. 2010) ("On April 15, 2010, Judge Frost ruled held that declaratory relief was unavailable to Durr because no private right of action exists under either act."). The Declaratory Judgment Act does not provide an independent cause of action. *Davis v. United States*, 499 F.3d 590, 594 (6th Cir. 2007). Instead, the availability of relief under the

5

Declaratory Judgment Act "presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960). For the reasons discussed above, there is no private cause of action for KRS 365.832, and therefore relief is not available under the Declaratory Judgment Act.

### B. Mootness

Hitachi argues that Counts II and VI should be dismissed as moot because the Agreements have already terminated. (Def.'s Partial Mot. Dismiss 10). Rudd responds that the Agreements are still in effect, and the Amended Complaint specifically alleges that "Hitachi has repeatedly threatened and attempted to terminate the Agreements without good cause to do so . . . ." (Pl.'s Resp. Def.'s Partial Mot. Dismiss 22-24; Am. Compl. ¶ 111). In Count II, Rudd requests that Hitachi be enjoined from demanding purchases beyond customer demand, terminating the Agreements, and preventing purchases from Volvo. (Am. Compl. ¶¶ 106-108). In Count VI, Rudd seeks an injunction preventing termination of the Agreements, requiring compliance with the Kentucky Dealer Protection Act, and reinstating the status quo of the parties. (Am. Compl. ¶ 127).

A breach of contract claim is not rendered moot by virtue of termination of the contract when that termination is disputed. *United States v. Cnty. of Muskegon*, 298 F.3d 569, 580 (6th Cir. 2002). Even if termination—or the lack thereof—seems clear, a court "surely" has jurisdiction to decide the issue. *Id*. Accordingly, this Court has jurisdiction to decide whether the Agreements have been terminated, and Hitachi's motion to dismiss Count VI is denied. Count II is dismissed on independent grounds, as described above.

### C. Equitable Relief

Hitachi argues that Counts V and VI should be dismissed because Rudd has an adequate remedy at law. (Def.'s Partial Mot. Dismiss 11-13). In Counts V and VI, Rudd requests equitable relief. (Am. Comp. ¶¶ 121, 127). Equitable relief is only appropriate when there is no adequate relief available at law. *Brown v. United States*, 692 F.3d 550, 553 (6th Cir. 2012). In its Amended

6

Complaint, Rudd alleges that damages cannot provide adequate relief for Hitachi's breach, which resulted in impairment of goodwill and exclusive distribution rights. (Am. Compl. ¶ 126).

"As a general rule, equity will not decree specific performance of a contract for a sale of personal property because ordinarily there is an adequate remedy at law." *Lexington Loose Leaf Tobacco Warehouse Co. v. Coleman*, 158 S.W.2d 633, 634-35 (Ky. 1942) (citation omitted). Still, the Court retains discretion to order a remedy in equity if justice so requires, so dismissal at this stage is premature. *See Starbucks Corp. v. McKinney*, 602 U.S. 339, 347 (2024) (citing *Hecht Co. v. Bowles*, 321 U.S. 321, 329 (1944)) (calling discretion "the hallmark of traditional equitable practice"); *Hecht Co.*, 321 U.S. at 329 ("The essence of equity jurisdiction has been the power of the Chancellor to do equity and to mould each decree to the necessities of the particular case.").

Moreover, "because the loss of customer goodwill is often difficult to calculate, such loss may constitute irreparable injury." *LeafGuard of Kentuckiana, Inc. v. Leafguard of Ky., LLC*, No. 5:15-237-DCR, 2015 WL 5174160, at *8 (E.D. Ky. Sept. 2, 2015) (citing *Basicomputer Corp. v. Scott*, 973 F.2d 507, 508 (6th Cir. 1992)). Hitachi points to Rudd's own valuation of its goodwill to demonstrate that goodwill is not, in this case, difficult to calculate; however, this valuation is not raised in Rudd's Amended Complaint or incorporated by reference. (Def.'s Partial Mot. Dismiss 11). "As a general rule, a court cannot consider matters outside the four corners of the complaint when ruling on a motion to dismiss under Rule 12(b)(6)." *Selby v. Schroeder*, 522 F. Supp. 3d 388, 394 (M.D. Tenn. 2021) (quoting *Clark v. Walt Disney Co.*, 642 F. Supp. 2d 775, 781 (S.D. Ohio 2009)). The exception to this rule is limited to "[d]ocuments attached to the motion to dismiss briefing[,]" which "may be considered part of the pleadings if they were incorporated into the complaint by reference and are central to the plaintiff's claim." *Id.* (alteration in original) (internal quotations marks omitted) (quoting *Blanch v. Trans Union, LLC*, 333 F. Supp. 3d 789, 791-92 (M.D. Tenn. 2018)). It is inappropriate to consider Rudd's valuation of its goodwill at this time. Because Rudd has made sufficient allegations which, if true, could warrant equitable relief, Hitachi's motion to dismiss Counts V and VI is denied.

7

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Partial Dismissal (DN 45) is **GRANTED IN PART** and **DENIED IN PART**.  Counts I and II of the Amended Complaint are **DISMISSED WITHOUT PREJUDICE**.

Greg N. Stivers, Chief Judge
United States District Court

September 17, 2025

cc: counsel of record